## CANUTE R. MATSON
### v.
## ·GEORGE H. TAYLOR AND JOSEPH T. MIX.

35   549
198s  ²285

*Sales—Attachment—Title—Justification by Sheriff—Evidence.*

1.   Evidence that certain goods had been ordered by plaintiffs and been consigned and shipped to them and that they had examined the goods and were just about to pay the freight when the goods were attached by a creditor of the consignor, is not conclusive that plaintiffs were entitled to the goods in the absence of any showing that plaintiffs had paid or agreed to pay for them.

2.   In such case the court should not take the question of ownership from the jury.

3.   In order to justify taking goods out of the hands of a third person, under a writ of attachment, it must be shown that the attachment was based on a valid debt.

[Opinion filed April 21, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for plaintiff in error.

Messrs. TENNEY, HAWLEY & COFFEEN, for defendants in error.

MORAN, J.   Defendants in error brought an action to recover the value of two carloads of paper which had been seized and sold by plaintiff in error, as sheriff, under an attachment against the firm of A. T. & F. W. Denison, of Detroit, Michigan.   The plaintiffs below proved that the paper had been ordered from the Denisons, and had been shipped consigned to said plaintiffs, and that it had been examined by them to see if it corresponded with the quality or grade required, and that they were just about to pay the freight on it and take it away, when it was, while still in the possession

of the railway company, levied upon and taken by the sheriff
under a writ.   On the trial, after the defendant below had put
in his evidence on the defense, the court instructed the jury
to find a verdict for the plaintiffs for the value of the paper,
which was accordingly done, and judgment was entered
thereon.

We agree with counsel for defendants in error that defend-
ant below failed in making out a justification for seizing the
property.   It was necessary for them to introduce, besides
the attachment writ on which the levy was made, evidence
tending to show that the defendants in the attachment suit were
indebted to the plaintiffs therein, and this they failed to do.
" In connection with the justification by an officer or creditor
of an attachment of goods in the hands of a third person,
whose possession and title are alleged by the former to be
fraudulent, it is important to note that the officer or creditor
must not rely merely on the production of the attachment,
but must go further, and prove the defendant's indebtedness,
and also that the attachment was regularly issued.   A failure
to prove either of these matters will be fatal to the defense."
Drake on Attach. Sec. 225; Waterman on Trespass, Sec. 609.

But it was not necessary for the defendants to establish a jus-
tification till plaintiff had established a right to recover by
showing his possession or ownership of the goods at the time
of the seizure on the attachment writ.   We have examined
the evidence introduced to support plaintiff's claim, and we
are unable to say that it is conclusive of plaintiff's right to the
paper in controversy.   It nowhere appears distinctly that
plaintiffs ever bought the paper from the Denisons.   There is
no evidence as to the terms of the purchase and it is not shown
that plaintiff ever agreed to pay or ever did pay anything for
it.   It is said that the paper was ordered by the plaintiffs
from Denisons, and that it was sold (as it would seem) by
plaintiffs before it was ordered, but that is consistent with the
theory that the plaintiffs were acting as the agents of the Deni-
sons in selling the paper or taking the order, and there is
further evidence in the case consistent with that theory,
notably, the conversation of plaintiff Taylor with the attor-

ney of the attachment creditors on the day the attachment writ was served.

It may be admitted that from the whole evidence it might be inferred that plaintiff had purchased the paper, but it must also be admitted that there is much support in the evidence for the contrary inference.

Now, where such conditions exist, it is not competent for the court to take the question of fact from the jury and direct a verdict. The inferences which may be drawn from facts and circumstances which may support conflicting theories in a case are peculiarly for the jury. It was therefore error for the court to instruct the jury to find for the plaintiffs, and for said error the judgment must be reversed and the cause remanded.

It is not necessary to discuss other alleged errors in the case.

*Reversed and remanded.*